**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| DAVID ARY,<br><br>  Plaintiff,<br><br>v.<br><br>ANDREW MARSHALL SAUL,<br>Acting Commissioner of Social Security<br>Administration,<br><br>  Defendant. | Case No.: 3:20-cv-00104-MMD-WGC<br><br>**ORDER**<br><br>Re: ECF No. 26 |

Before the court is Plaintiff's "Motion for Order to Enforce and to Show cause Regarding Contempt" (ECF No. 26).

Prior to discussing the substance of Plaintiff's motion, the court advises Plaintiff he should be more careful when uploading documents to the court's CM/ECF system. While pp. 1-7 of Plaintiff's filing pertain to Plaintiff's motion, pp. 8-61 are black and white images of documents which appear to have no relevance whatsoever to Plaintiff's motion – or this action. Pp. 57-60 appear to be some kind of activities log Plaintiff may be maintaining regarding this litigation. These pages also have no bearing on Plaintiff's motion. P. 61 is a copy of a mailing envelope

1

addressed to Judge Du and Judge Cobb, the filing of which is unnecessary. Instead, Plaintiff should attach a "certificate of service" in accordance with Fed. R. Civ. P. 5(d).

The court had to spend significant time in attempting to ascertain whether pp. 8-61 had any relevance to Plaintiff's motion, which the court concluded they did not. Plaintiff should scrutinize future filings or risk sanctions under Fed. R. Civ. P. 11.

With regard to the substantive aspects of Plaintiff's motion, Plaintiff appears to object to Defendant's Answer which responded to Plaintiff's factual allegations: "except to the extent admitted, Defendant denies the factual allegations of the complaint." (ECF No. 26 at 3.) Plaintiff seeks an order directing Defendant to "Answer the Claim fully."

Rule 8 of the Federal Rules of Civil Procedure allows a Defendant to utilize "General Denials" to a "pleading" (herein, Plaintiff's complaint):

> A party that intends in good faith to deny all the allegations of a pleading –
> including jurisdictional grounds – may do so by a general denial. * * *"
> Fed. R. Civ. P. 8(b)(3).

Rule 8(b)(4) further states that a "party that intends in good faith to deny only part of an allegation must admit the part that is true and deny the rest."

Defendant's Answer, which stated "[e]xcept to the extent admitted, Defendant denies the factual allegations of the complaint," is in compliance with the above provisions of Rule 8.

Plaintiff's motion to require Defendant to address each of Plaintiff's specific allegations (ECF No. 26) is **DENIED**.

Plaintiff complains that pp. 8-57 of the Administrative Record are illegible. (ECF No. 26 at 5.) This is akin to a discovery dispute under LR 26-6(e). Plaintiff is first required to meet and

2

confer with opposing counsel as defined in LR IA 1-3(f) before filing a discovery motion. Plaintiff should contact Defendant's counsel to discuss whether more legible copies of pp. 8-57 of the Administrative Record are available.

Last, Plaintiff seeks the extreme sanction of contempt against Defendant, citing a Nevada statute (NRS 22.010) which is inapplicable to this action. (ECF No. 26 at 3.) Even if that statute were applicable, contempt under NRS 22.010 arises from "the refusal to obey lawful order issued by the court." There has been no order issued by the court which Defendant refused to obey.

In the future, Plaintiff should be cautious in seeking contempt findings against opposing counsel. Fed. R. Civ. P. 11 states that by presenting a motion to the court, the movant ". . . certifies to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances that the motion is warranted by existing law, the factual contentions have 'evidentiary support' and that the motion is not being presented for any improper purpose, such as to harass, cause unnecessary delay or needlessly increased the cost of litigation." Plaintiff's motion satisfies none of these criteria and Plaintiff himself is fortunate at this point not to be the subject of any court sanctions.

DATED: November 3, 2020.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE