UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DAVID ARY, | Case No. 3:20-cv-00104-ART-CLB |
| Plaintiff, | ORDER |
| v. | |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social<br>Security Administration, | |
| Defendants. | |

*Pro se* Plaintiff David Ary brings this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Administrative Law Judge ("ALJ") of the Social Security Administration which denied Ary's application for supplemental security income under Title XVI of the Social Security Act. Before the Court are: (1) the Report and Recommendation ("R&R" or "Recommendation") of United States Magistrate Judge William G. Cobb (ECF No. 45), recommending denial of Ary's motion for reversal and/or remand (ECF Nos. 28, 29, 30) and grant of the Commissioner's cross-motion to affirm the ALJ's decision (ECF No. 34); and (2) Ary's motion to extend time to file an objection to the report and recommendation (ECF No. 62). Because the Court has granted multiple extensions for Ary to file an objection and because Ary has already filed an "incomplete opposition" to the R&R (ECF No. 57) which the Court will consider on its merits, the Court denies Ary's motion to extend time. Because Magistrate Judge Cobb properly determined that the ALJ's decision was supported by substantial evidence, the Court adopts the R&R, grants the Commissioner's motion, and denies Ary's motion.

**I.    Motion to Extend Time**

Ary filed his application for supplemental security income alleging disability on January 4, 2016, and Ary filed his complaint in this Court on

February 14, 2020. (ECF No. 1.) On December 17, 2020, Ary filed his motion for reversal and/or remand (ECF Nos. 28, 29, 30), and on February 18, 2021, the Commissioner filed his cross-motion to affirm the ALJ's decision (ECF No. 34). Magistrate Judge Cobb issued his R&R on December 20, 2021. (ECF No. 45.)

Since the R&R was issued, there have been numerous filings by Ary and extensions of time granted by the Court. On December 30, 2021, Ary filed a request for extension of filing deadline for objection to the R&R which sought an extension of 30 days (ECF No. 46), which the Court granted January 3, 2022 (ECF No. 47). Also on January 3, 2022, Ary filed a 47-page document "meant to be a stopgap to serve as a provisional 'Objection to Magistrate Judge Cobb's Report and Recommendation' in the event that his 'Request for a 30-day Extension['] is denied." (ECF No. 48 at 2.)

Ary then filed an objection on February 7, 2022. (ECF No. 52.) On March 24, 2022, the Court struck Ary's February 7 objection because, among other reasons, the objection "vastly exceed[ed] the page limit." (ECF No. 53 at 2.) The Court also noted that Ary had filed his January 3 objection (ECF No. 48) as a provisional objection while his request for an extension of time was pending and therefore the Court construed Ary's February 7 objection as the operative document. (*Id.* at 1 n.1.) The Court granted Ary until April 25, 2022, to file a revised objection that complies with the Court's Local Rules. (*Id.* at 2.)

On April 19, 2022, Ary filed a request for an extension of time to retain counsel along with "an incomplete revision of his Opposition to Magistrate Judge Cobb's R&R[,]" which is 50 pages along with 10 pages of scanned exhibits. (ECF No. 57.) More than five months later, on October 11, 2022, the Court granted Ary's request for an extension of time to retain counsel and gave Ary until January 4, 2023 to file an objection. (ECF No. 59.) The Court also stated that "[i]f [Ary] files no further objections, the Court will consider [Ary's] 'incomplete' opposition on its merits when reviewing the R&R." (*Id.*) Finally, on January 5,

2023, Ary filed a motion for extension of time "due to extreme exhaustion" in relation to various doctor's appointments he attended as well as episodes of "Chronic Fatigue[.]" (ECF No. 62 at 3.)

More than a year has passed since the date on which Ary's objection to the R&R was first due, which was January 3, 2022. (*See* ECF No. 45.) The Court has already granted Ary two extensions of time, the first of which for 32 days (ECF No. 53) and the second of which for 85 days (ECF No. 59). Additionally, Ary had a period of 175 days in between his request for the second extension and the Court's grant of that extension. (ECF Nos. 58, 59.) In total this is enough time to complete an opposition. Furthermore, in granting the second extension the Court expressly warned Ary that the Court would move on to considering the R&R using Ary's "incomplete opposition" if Ary did not file an opposition before January 4, 2023. Ary has had the opportunity to be heard and the Court will consider his "incomplete opposition" in reviewing the R&R. Ary's motion to extend time is denied.

**II.    Report and Recommendation**

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party fails to object to a magistrate judge's recommendation, the Court is not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *see also United States v. Reyna-Tapia*, 328 F.3d 1114, 1116 (9th Cir. 2003) ("De novo review of the magistrate judges' findings and recommendations is required if, but *only* if, one or both parties file objections to the findings and recommendations.") (emphasis in original); Fed. R. Civ. P. 72, Advisory Committee Notes (1983) (providing that the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."). However, when a party does serve and file written objections to the R&R, the Court "shall make a de novo

3

determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

The five-step legal standard for the evaluation of disability under the Social Security Act is properly set forth in the R&R and the Court adopts that portion of the R&R by reference. (ECF No. 45 at 4-7.) The Court reviews an ALJ's factual findings for substantial evidence, which is "more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522–23 (9th Cir. 2014) (internal quotation omitted). "If the evidence can reasonably support either affirming or reversing, the reviewing court may not substitute its judgment for that of the Commissioner." *Id.* at 523 (internal quotation omitted). "Nevertheless, a decision supported by substantial evidence will still be set aside if the ALJ did not apply proper legal standards." *Id.* (internal quotation omitted).

Here, Judge Cobb recommended denial of Ary's motion and grant of the Commissioner's motion. (ECF No. 45 at 18.) Judge Cobb acknowledged the ALJ's findings that: (1) at step one, Ary had not engaged in substantial gainful activity since his application date; (2) at step two, Ary had the severe impairments of chronic heart failure-myocardial infarction, coronary artery disease, chronic venous insufficiency, obsessive compulsive disorder (OCD), depression, and anxiety; (3) at step three, none of these impairments alone or in combination met or medically equaled the severity of one of the Listed Impairments; (4) at step four, that Ary had the residual functional capacity to perform light work subject to certain limitations;[1] and (5) at step five, that there were jobs that exist in

---

[1] Specifically, the ALJ found that Ary "has the residual functional capacity to perform light work as defined in 20 CFR 416.967(b) except that he can sit, stand, or walk for six hours in an eight hour workday; he can frequently climb ramps and stairs, balance, stoop, kneel, and crouch but never climb ladders and scaffolds; he can occasionally crawl; he can perform work with no concentrated exposure to extreme heat, concentrated exposure to moving mechanical parts, and

4

significant numbers in the national economy that Ary could perform, including routing clerk, marker, and housekeeping cleaner. (*Id.* at 8-9.)

Noting that Ary's motion for reversal/remand "asserts, without explanation or evidentiary support, that the record contains lies" and that Ary "claims, without citing any medical record, that he is unable to execute any exertional activity whatsoever while experiencing low blood pressure episodes[,]" Judge Cobb evaluated the administrative record in terms of both Ary's physical conditions (*Id.* at 9-13) and mental conditions (*Id.* at 13-18). Regarding Ary's physical conditions, Judge Cobb noted that Ary had experienced a significant medical event, namely myocardial infarction (heart attack) in January of 2015, but that the medical evidence in the time after that event showed that Ary had good exercise capacity. (*Id.* at 12-13.) Regarding Ary's mental conditions, Judge Cobb analyzed the opinions of Dr. Binks, Dr. Tomak, and Dr. Berkowitz and concluded that Ary could understand, remember, and carry out simple routine and detailed tasks and instructions and could have occasional interaction with supervisors and coworkers and occasional superficial interaction with the general public consistent with the ALJ's findings. (*Id.* at 18.) Judge Cobb addressed the ALJ's finding that Dr. Binks's recommendation that Ary have no contact with the public was overly restrictive in light of the opinions of Dr. Tomak and Dr. Berkowitz, Ary's examination results, and Ary's own reported activities, which include activities in public, and Judge Cobb concluded that the ALJ's finding was supported by substantial evidence. (*Id.*)

Ary's 50-page "incomplete opposition" does not clearly identify what portions of Judge Cobb's R&R Ary objects to. (ECF No. 57.) Much of the document consists of accusations of perjury against the opposing counsel, explanation of

---

concentrated exposure to unprotected heights; he is able to understand, remember, and carry out simple routine and detailed tasks and instructions; he can have occasional interaction with supervisors and coworkers; he can only have occasional superficial interaction with the general public; and he can perform jobs with no work involving fast paced production and stringent quotas (controlled by conveyor belt or assembly line)." (AR at 73.)

5

how his legal representation in his hearing was inadequate, and Ary's general sociopolitical thoughts on the United States government, none of which are germane to the R&R. Nonetheless, Ary states that he "contends that the Magistrate Judge's R&R gives almost no weight to the tens or hundreds of Plaintiff's substantive arguments presented in prior filings[.]" (*Id.* at 6.) The Court will construe this as an objection that Judge Cobb's R&R is not supported by the administrative record and that the ALJ's decision is not supported by substantial evidence.

The Court has checked Judge Cobb's citations to the administrative record and evaluated the administrative record as a whole and finds the R&R to be supported by the administrative record. As Judge Cobb explained, after Ary's myocardial infarction incident in January of 2015, Ary's cardiologist Dr. Newmark stated on May 29, 2015 that Ary could begin exercising again. (AR at 951.) Later, on November 15, 2016, Dr. Newmark noted that Ary had received a stress test which showed no perfusion of the inferior and inferolateral wall and normal perfusion of the anterior, anteroseptal, and anterolateral walls, and that Ary had "been doing a lot of exercise[,]" although Dr. Newmark noted Ary's report that he "notice[d] a lot of skipped beats" one day after "an extremely heavy exercise[.]" (AR at 905-06.) Cardiologist Dr. Mohsen noted on June 14, 2017, that Ary had "good exercise capacity" and "[n]o chest pain, no shortness of breath, no palpitations, no dizziness, no syncops [sic] [.]" (AR at 974.) Although Ary's cardiological health is not perfect, the Court is satisfied that the ALJ's decision is supported by substantial evidence with respect to Ary's physical conditions.

The Court is likewise satisfied that the ALJ's decision is supported by substantial evidence with respect to Ary's mental conditions. The strongest restrictions were proposed by Dr. Binks, who stated that Ary can "[s]ustain attention for [...] two hour segments for simple tasks" and that Ary can have "no contact with the public" in his work-related activities. (AR at 968.) However, the

ALJ contrasted these opinions with those of Dr. Tomak and Dr. Berkowitz. Regarding concentration, Dr. Tomak stated that Ary's "ability to maintain attention and concentration for extended periods" was only "[m]oderately limited[,]" that his "ability to sustain an ordinary routine without special supervision" was "[n]ot significantly limited[,]" and stated in her narrative evaluation that Ary has "a fair ability to sustain attention throughout extended periods of time" and can "maintain a regular 40 hour work schedule." (AR at 167.) Likewise, Dr. Berkowitz indicated that Ary's "ability to maintain attention and concentration" was only "[m]oderately limited[.]" (AR at 188.) Substantial evidence supports the ALJ's determination that Ary has the capacity to concentrate enough to perform light work.

Regarding social interaction, Dr. Tomak stated that Ary's "ability to interact appropriately with the general public" was only "[m]oderately limited" and stated in her narrative evaluation that Ary "has a fair ability to interact with the general public/co-workers and respond to supervisors. Data also suggests [Ary] is able to maintain personal hygiene/standards of dress." (AR at 167-68.) Dr. Berkowitz rated Ary's "ability to interact appropriately with the general public" as "[m]arkedly limited[.]" (AR at 188.) The ALJ did not find that Ary had no restrictions relating to his mental conditions, but rather that Ary could have "occasional superficial interaction with the general public[.]" (AR at 73.) This is consistent with the median of the three opinions as well as the ALJ's finding that Ary's own reported activities included successful interactions with the general public. Furthermore, Judge Cobb properly analyzed the ALJ's rejection of portions of Dr. Binks's report under the framework for treating, examining, and nonexamining physicians that applies to Ary's case. (R&R at 16-18.)

In sum, substantial evidence supports the ALJ's decision, and the R&R accurately describes this evidence. The Court may not substitute its own judgment for that of the ALJ where evidence could be reasonably interpreted

either way. Here, the closest questions pertain to Ary's mental conditions, and the ALJ properly weighed competing evidence to determine that Ary has the capacity to perform light work subject to certain limitations. Notably, the ALJ did not say that Ary was free of any limitation regarding his mental conditions, but rather the ALJ stated that Ary could have only occasional superficial interaction with the general public. This is supported by substantial evidence.

## III. CONCLUSION

The Court agrees with Judge Cobb. Having reviewed the R&R and the record in this case, the Court will adopt the R&R in full.

It is therefore ordered that Judge Cobb's Report and Recommendation (ECF No. 45) is accepted and adopted in full.

It is further ordered that Ary's motion for reversal and/or remand (ECF Nos. 28, 29, 30) is denied.

It is further ordered that the Commissioner's motion to affirm (ECF No. 34) is granted.

It is further ordered that Ary's motion to extend time (ECF No. 62) is denied.

The Clerk of Court is directed to administratively close this case.

DATED THIS 2nd day of March 2023.

---
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE